## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MATOSANTOS INTERNATIONAL CORPORATION, | Docket No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| HARTFORD CASUALTY INSURANCE COMPANY | |
| and | **JURY TRIAL DEMANDED** |
| TWIN CITY FIRE INSURANCE COMPANY. | |
| Defendants. | |

Matosantos International Corporation ("MIC"), by and through its undersigned attorneys, as and for its Complaint against Hartford Casualty Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City" and, together with Hartford, the "Defendants"), and demanding a trial by jury, alleges as follows:

### PRELIMINARY STATEMENT

1.      This action is for declaratory relief, breach of contract, specific performance, and breach of the implied covenant of good faith and fair dealing, arising out of the Defendants' unjustified refusal to provide coverage under an insurance policy sold to MIC.

2.      MIC provides auditing and merchandising services to its clients in stores which carry its clients' products across the United States.  To protect MIC and its travelling employees, MIC purchased and carried Workers' Compensation Policy Number 76 WEG GC9045 (the "Policy"), from the Defendants.

1

3.      The Policy provides for, among other things, workers' compensation insurance coverage for all of MIC's workplaces and jurisdictions which are covered under the Policy.

4.      New Hampshire is a jurisdiction that is covered under the Policy.

5.      On or about May 31, 2018 Javier Vasquez ("Mr. Vasquez"), an auditor employed by MIC was injured in a head-on crash in New Hampshire while performing his duties as an employee of MIC (the "Accident").

6.      The Policy is designed to protect MIC and its employees against precisely the type of accident and injuries sustained by Mr. Vasquez and the attendant loss suffered by MIC pursuant to workers' compensation laws.  Despite MIC complying with all relevant terms of the Policy, the Defendants have denied coverage.

7.      The Defendants' refusal to provide coverage is predicated on the unfounded basis that the Policy does not provide coverage for injuries occurring in New Hampshire.  The "Other States" provision of the Policy clearly includes New Hampshire and MIC has performed all of its obligations under the Policy.

8.      The Defendants' refusal to provide coverage is contrary to the terms of the Policy and constitutes breaches of the Defendants' contractual obligations and the implied covenant of good faith and fair dealing.  Accordingly, MIC is entitled to a judgment (i) declaring that the Policy provides coverage to MIC for the claim arising from the Accident, (ii) awarding damages to MIC for the Defendants' breach of the Policy and the covenant of good faith and fair dealing, and (iii) specifically enforcing the Policy against Defendants.

## **THE PARTIES**

9.      MIC is a Delaware corporation with a mailing address of 1920 Anthony Avenue, Apt. 1, The Bronx, New York, 10457.

10. Defendant Hartford is an insurance company and is a member and affiliate of The Hartford Insurance Group. Harford has a principal place of business at One Hartford Plaza, Hartford, Connecticut, 06155.

11. Defendant Twin City is an insurance company and is a member and affiliate of The Hartford Insurance Group. Twin City has a principal place of business at One Hartford Plaza, Hartford, Connecticut, 06155.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

14. This Court has specific personal jurisdiction over the Defendants with respect to the claims asserted in this Complaint because the claims arise out of the Policy, pursuant to which Defendants contracted to provide MIC with insurance coverage in the State of New Hampshire, and the Accident occurred in the State of New Hampshire. Defendants included a broad territory-of-coverage clause in the Policy which includes New Hampshire, and the foreseeability of litigation in New Hampshire is accordingly based on Defendants' own actions.

## FACTUAL ALLEGATIONS

### I.    MIC's Business, Work in New Hampshire, and the Accident

15. MIC provides retail auditing and merchandising services to its clients.

16. The clients to whom MIC provides services include manufacturers and distributors of consumer products. MIC's clients distribute their products wholesale to

supermarket chains, small and medium independent stores, drugstore chains, cash & carry's, mass merchandisers, membership clubs, wholesalers and jobbers in the United States.

17.     At all times relevant to the events described in this Complaint, MIC's employees serviced only the stores that its clients directed MIC to service.

18.     Matosantos Commercial Corp. ("Matosantos Commercial") is MIC's client pursuant to a contractual relationship between MIC and Matosantos Commercial.  Certain supermarket chains and big-box stores, such as Walmart and Shaw's, have carried Matosantos Commercial's products in the United States.

19.     When shipping products to Shaw's and Walmart, Matosantos Commercial delivers products to the companies' regional receiving centers within the United States.  Shaw's and Walmart then decide which stores in which regions will carry Matosantos Commercial's products.  Shaw's and Walmart then ship the products to the stores which will be carrying them.

20.     Matosantos Commercial determines which stores MIC should service based on the concentration of stores within a region that carry Matosantos Commercial's Products.

21.     MIC's services and activities are mostly concentrated within the Southeastern United States.  MIC has historically sent an auditor to the Northeast once per year.

22.     MIC's activity in New Hampshire has been limited to the auditing services it provides Matosantos Commercial in certain Walmart and Shaw's stores which have carried Matosantos Commercial's products.

23.     Prior to 2018, MIC last sent employees to New Hampshire in 2016 to provide merchandising services at Shaw's store locations which were carrying Matosantos Commercial's products that year.  MIC's auditors performed services at Shaw's stores in New Hampshire in June and July of 2016.

24.     From August of 2016 through May of 2018, MIC did not send any employees to New Hampshire and did not have any work in New Hampshire.

25.     In September or October of 2017, Matosantos Commercial received notice that Walmart would be sending Matosantos Commercial's products to stores located in New Hampshire.  Walmart's distribution center for the Northeast region, including New Hampshire, is located in Pennsylvania.  Accordingly, Matosantos Commercial's products which were carried in Walmart's stores in New Hampshire during 2018 were shipped by Matosantos Commercial into Pennsylvania.  Matosantos Commercial has not shipped any products directly into New Hampshire.

26.     In or around early May of 2018, Matosantos Commercial determined that a sufficient concentration of Walmart stores in New Hampshire were carrying its products to warrant contracting MIC to provide services in certain New Hampshire Walmart stores.

27.     In or around early May of 2018, Matosantos Commercial directed MIC to provide auditing and merchandising services at certain Walmart stores in New Hampshire.

28.     In or around early May of 2018, MIC directed its employee-auditor Mr. Vasquez to audit certain Walmart stores in New Hampshire which were carrying Matosantos Commercial's products.

29.     On May 24, 2018, Mr. Vasquez entered into New Hampshire to perform audits on Matosantos Commercial's products located at certain Walmart stores in New Hampshire.

30.     From May 24, 2018 through May 31, 2018, Mr. Vasquez visited and provided auditing services at ten Walmart stores in New Hampshire.

31.     On May 31, 2018, Mr. Vasquez was involved in the Accident while travelling between Walmart stores and performing his duties as an employee of MIC.

II.     **The Policy**

32.     In consideration for significant premiums paid to cover exactly the type of accident suffered by Mr. Vasquez, MIC purchased and entered into the Policy with the Defendants.  A true and accurate copy of the Policy is attached as Exhibit A.[1]

33.     Under the Policy, MIC is identified as the named insured and the Defendants are identified as the named insurers.  *See* Policy at The Hartford 000025.

34.     In exchange for estimated annual premiums of $6,286, the Defendants contracted to provide workers compensation insurance, employers liability insurance, and other states insurance to MIC in accordance with the terms of the Policy.  *Id.* at The Hartford 000003.  The premium for the Policy is subject to verification and change by audit.  *Id*.

35.     The Policy was a renewal of a policy first entered between the parties in 2014. The Policy became effective as of January 20, 2018 (the "Effective Date") and the Policy expired on January 20, 2019.  *Id.* at The Hartford 000004.

36.     Part One of the Policy (workers compensation insurance) applies to the Workers Compensation Law of all states listed in Item 3.A of the Information Page and covers all of MIC's workplaces in Item 3.A of the Information Page. *Id.* at The Hartford 000003, 000007.

37.     "Workers Compensation Law" under the Policy is defined as "the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A of the Information Page."  *Id.* at The Hartford 000007.

38.     The Policy provides that the Defendants will pay promptly when due the benefits required of MIC by the Workers Compensation Law.  *Id.*

---

[1] The copy of the Policy attached has been bates stamped "The Hartford 000001-000052."  For ease of reference, citations to the Policy are to the pages' corresponding bates numbers.

39.     Defendants have the right and duty under the Policy to defend at their expense any claim, proceeding or suit against MIC for the benefits payable under the Policy. *Id.*

40.     Part Three of the Policy (Other States Insurance) applies to all states except North Dakota, Ohio, Washington, Wyoming, the US Territories, Florida and New York, as provided in Item 3.C of the Information Page. *Id.* at The Hartford 000003, 000010.

41.     Accordingly, Part Three of the Policy applies to New Hampshire. *See id.*

42.     Pursuant to Part Three of the Policy, if MIC begins work in any of the states included by Item 3.C of the Information Page (such as New Hampshire) after the Effective Date and is not insured or is not self-insured for such work, all provisions of the Policy will apply as though that state were listed in Item 3.A of the Information Page. *See id.*

43.     Pursuant to Part Three of Policy Defendants agreed to reimburse MIC for the benefits required by the workers compensation law of that state (such as New Hampshire) if it is not permitted to pay the benefits directly to the persons entitled to them. *Id.* at The Hartford 000010.

44.     Pursuant to Part Three of Policy, if MIC has work on the Effective Date in any state not listed in Item 3.A of the Information Page, coverage will not be afforded for that state unless the Defendants were notified within thirty days. *Id.* at The Hartford 000010-000011.

45.     The Policy provides: "Tell us [the Defendants] at once if you [MIC] begin work in any state listed in Item 3.C of the Information Page." *Id.* at The Hartford 000011.

46.     The Policy does not contain any definition of the terms "work" or "begin work" or "at once."

47.     Pursuant to the Policy Adjustment Notice, the Policy was issued "on an estimated basis for the policy period shown, and [MIC's] final premium will be determined when [the]

coverage period expires. The final audit may result in either a return premium to [MIC] or an additional premium due The Hartford." *See* Policy at The Hartford 000051.

48. The Defendants have conducted one or more yearly audits under prior versions of the Policy to, upon information and belief, determine the scope and location of activity conducted by MIC's employees and to adjust the premium due under those policies accordingly.

## III.    Notice, Denial of Coverage, and Department of Labor Proceedings

49. On May 24, 2018, when Mr. Vasquez entered New Hampshire to provide auditing services on behalf of MIC at Walmart stores, MIC began work in New Hampshire for the first time since 2016.

50. Prior to May 24, 2018, MIC had no work in New Hampshire since at least 2016.

51. MIC had no work in New Hampshire as on Effective Date of the Policy.

52. On May 31, 2018, Mr. Vasquez suffered the Accident in New Hampshire.

53. MIC was not self-insured and did not have any other insurance in New Hampshire at any time during the effective period of the Policy.

54. As a result of the Accident, Mr. Vasquez was severely injured.

55. As a result of the Accident, Mr. Vasquez received medical care at, among other locations, Dartmouth Hitchcock Medical Center in New Hampshire.

56. On or before June 4, 2018, MIC provided notice to the Defendants that (i) it had had work in New Hampshire and (ii) the Accident occurred on May 31, 2018.

57. On June 4, 2018, MIC received an email from Hartford notifying MIC that the Defendants received notice that MIC had had work in New Hampshire and notice of the Accident.

58.     On June 6, 2018, Dartmouth Hitchcock contacted the Defendants to file a

workers' compensation claim for Mr. Vasquez due to the Accident and was provided a claim

number from the Defendants for Mr. Vasquez.

59.     Defendants assigned a claim number of Y9700330 related to the Accident (the

"Claim").

60.     The Defendants denied and continue to deny coverage for the Claim on the

asserted basis that there is no coverage for New Hampshire under the Policy.

61.     On or about March 25, 2019, Mr. Vasquez filed a Notice of Accidental Injury or

Occupational Disease with the New Hampshire Department of Labor seeking workers'

compensation benefits from MIC and the Defendants as a result of his injuries from the Accident

(the "DOL Action").  The DOL Action is captioned as Javier Vasquez v. Matosantos

International Corporation and The Hartford Insurance Company, Dept. of Labor, Case No.

86829.

62.     In the DOL Action, the Department of Labor has found, among other things, that

MIC is responsible for Mr. Vasquez's benefits due under the New Hampshire Workers'

Compensation Law and that it does not have jurisdiction to review the Policy to determine if the

Policy provides coverage for the Claim.

63.     As of the date of this filing, Mr. Vasquez's workers' compensation benefits under

New Hampshire law consist of, among other things, retroactive and future temporary total

disability payments and past and future medical services for injuries sustained in the Accident.

64.     The Defendants are obligated under the Policy to pay benefits required of MIC by

the New Hampshire Workers Compensation Law as a result of the Accident.

65.    The Defendants are obligated to reimburse MIC for the benefits required by the New Hampshire Workers Compensation Law as a result of the Accident.

66.    The Defendants have failed and refused to pay or reimburse benefits required of MIC under the Workers Compensation Law of New Hampshire as a result of the Accident.

67.    Accordingly, MIC has paid, and continues to pay, amounts due under the New Hampshire Workers' Compensation Law to or for the benefit of Mr. Vasquez as a result of the Accident.  MIC has paid benefits to or for the benefit of Mr. Vasquez of over $100,000 to date.

68.    The Defendants' stated reason for denying the Claim, refusing to provide coverage, and refusing to indemnify or pay MIC's losses is that the Policy does not provide coverage for losses occurring in New Hampshire.

69.    MIC and the Defendants mediated their dispute on June 25, 2020. Despite MIC's good faith best efforts to reach a resolution, the mediation did not result in a settlement.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment Pursuant to NH RSA § 491:22-b**

70.    MIC repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

71.    The Policy constitutes a valid contract of insurance between MIC and each of the Defendants.

72.    Defendants sold the Policy to MIC.

73.    MIC paid all insurance premiums due under the Policy.

74.    MIC complied with all conditions and satisfied all obligations under the Policy to the extent they have not been waived or abrogated by Defendants' conduct, omissions, actions or breaches.

75.    MIC is entitled to the coverage benefits of the Policy.

10

76.    The Policy was in effect at the time of the Accident.

77.    MIC is required to pay benefits under New Hampshire's Workers Compensation Law as a result of the Accident and such benefits are covered under the terms of the Policy including, *inter alia*, the Other States Insurance provisions of the Policy.

78.    There is no exclusion, condition, definition, or other provision in the Policy that excludes or eliminates coverage for payment of benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law.

79.    There is no doctrine at law or in equity that excludes or eliminates coverage for payment of benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law.

80.    Despite the fact that the Policy covers the Claim and the benefits required of MIC as a result of the Accident, Defendants have refused or failed to honor their contractual obligation to pay the benefits required of MIC under New Hampshire Workers' Compensation Law.

81.    An actual and justiciable controversy has arisen between MIC and Defendants as to Defendants' obligation to pay benefits required of MIC and covered under the Policy.

82.    By reason of the foregoing, an actual, substantial, and justiciable controversy exists between MIC and Defendants regarding MIC's coverage under the Policy, and a judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

83.    MIC is entitled to a judicial declaration by the Court, pursuant to NH RSA § 491:22, that Defendants have a duty to under the Policy to pay benefits required of MIC as a result of the Accident under New Hampshire Workers Compensation Law.

84.     MIC is entitled to court costs and reasonable attorneys' fees incurred in bringing this action to determine coverage under the Policy, pursuant to NH RSA § 491:22-b.

## SECOND CAUSE OF ACTION
### Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201-2202

85.     MIC repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

86.     The Policy constitutes a valid contract of insurance between MIC and each of the Defendants.

87.     Defendants sold the Policy to MIC.

88.     MIC paid all insurance premiums due under the Policy.

89.     MIC has complied with all conditions and satisfied all obligations under the Policy to the extent they have not been waived or abrogated by Defendants' conduct, omissions, actions or breaches.

90.     MIC is entitled to the coverage benefits of the Policy.

91.     The Policy was in effect at the time of the Accident.

92.     MIC is required to pay benefits under New Hampshire's Workers Compensation Law as a result of the Accident and such benefits are covered under the terms of the Policy including, *inter alia*, the Other States Insurance provisions of the Policy.

93.     There is no exclusion, condition, definition, or other provision in the Policy that excludes or eliminates coverage for payment of benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law.

94.     There is no doctrine at law or in equity that excludes or eliminates coverage for payment of benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law.

95.     Despite the fact that the Policy covers the Claim and the benefits required of MIC as a result of the Accident under New Hampshire Workers Compensation Law, Defendants have refused or failed to honor their contractual obligation to pay the benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law.

96.     An actual and justiciable controversy has arisen between MIC and Defendants as to Defendants' obligation to pay benefits required of MIC and covered under the Policy.

97.     By reason of the foregoing, an actual, substantial, and justiciable controversy exists between MIC and Defendants regarding MIC's coverage under the Policy, and a judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

98.     Pursuant to 28 U.S.C. § 2201, the Court should enter a declaratory judgment in favor of MIC and against the Defendants, declaring that there is coverage available pursuant to the Policy for the Claim and for benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law and, pursuant to 28 U.S.C. § 2202, any other relief this Court deems proper.

### THIRD CAUSE OF ACTION
**(Breach of Contract)**

99.     MIC repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

100.    The Policy constitutes a valid and enforceable contract between MIC and the Defendants.

101.    MIC has paid all premiums and has otherwise performed all obligations required of it under the Policy.

13

102.    Pursuant to the terms of the Policy, the Defendants are obligated to pay or reimburse MIC for all benefits required of MIC as a result of the Accident under New Hampshire Workers' Compensation Law.

103.    The Policy covers the Claim because MIC did not begin work in New Hampshire prior to the Effective Date of the Policy and MIC did not have work in New Hampshire as of the Effective Date of the Policy.  To the extent the Policy required it, MIC notified the Defendants at once that it had begun work in New Hampshire.

104.    Alternatively, the Policy covers the Claim because MIC provided notice to the Defendants within 30 days of work beginning in New Hampshire as required to trigger coverage for the Claim.

105.    The Defendants have denied coverage and have not paid any amounts to or for the benefit of MIC or Mr. Vasquez in connection with benefits under the Claim.

106.    By failing to provide coverage for the Claim and by failing pay benefits required of MIC by the Workers Compensation Law of New Hampshire, Defendants breached the Policy.

107.    By failing to provide coverage for the Claim and refusing to reimburse MIC for the benefits required by the Workers Compensation Law of New Hampshire, Defendants breached the Policy.

108.    As a direct and proximate result of the Defendants' breach of the Policy, MIC has suffered damages in excess of $75,000 in an amount to be determined at trial, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law.

## FOURTH CAUSE OF ACTION
**Specific Performance**

109.     MIC and the Defendants are parties to a valid and enforceable written contract, the Policy, as more fully set forth above.

110.     The Defendants' contractual obligations require them to pay promptly when due the benefits required of MIC by the Workers Compensation Law.

111.     The Defendants' contractual obligations require them to reimburse MIC for the benefits it has paid under the Workers Compensation Law.

112.     Defendants breached the Policy by failing to pay benefits required of MIC by New Hampshire Workers Compensation Law as a result of the Accident.

113.     Defendants breached the Policy by failing to reimburse MIC for the benefits it has paid under the New Hampshire Workers Compensation Law as a result of the Accident.

114.     Defendants' misconduct has caused and will continue to cause damages to MIC and injury to MIC for which there is no adequate remedy at law.

115.     Justice and equity require that the Policy be enforced against Defendants to require them to perform their obligations under the Policy including, but not limited to, paying benefits required of MIC by the New Hampshire Workers Compensation Law as a result of the Accident.

## FIFTH CAUSE OF ACTION
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

116.     MIC repeats and realleges the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

117.     There is an implied covenant of good faith and fair dealing in every insurance contract. This covenant obligates each party to the contract to refrain from taking any action or

litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party. It also requires the insurer to investigate claims in good faith and to reasonably and promptly pay covered claims.

118.    MIC has paid all premiums, provided prompt notice of the Claim, and otherwise performed all obligations required of it under the Policy.

119.    By wrongfully denying coverage for the Claim as described above, the Defendants breached the Policy, causing damages to MIC, including consequential damages.

120.    The Defendants breached their duty to deal fairly and in good faith by engaging in conduct deliberately calculated to further their own economic interests at the expense of MIC, denying MIC the benefits of the Policy.

121.    This conduct includes relying on undisputedly inapplicable exclusions as a pretext for denial of coverage.

122.    The Defendants' denial of coverage was not due to negligence or mistake, but rather was deliberate and calculated to further Defendants' own economic interests at the expense of MIC, denying MIC the benefits of the Policy.

123.    The Defendants have no proper basis to deny coverage to MIC.

124.    The Defendants' actions were in bad faith and have caused undue hardship and harm to MIC.

125.    As a result of the foregoing, the Defendants are liable to MIC for compensatory, consequential, and punitive damages, including attorneys' fees in an amount MIC may prove at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, MIC prays for relief as follows:

(a)    On the First Cause of Action, MIC requests that this Court enter a declaratory judgment in favor of MIC against Defendants, including a declaration that the Policy Defendants sold covers the Claim and that Defendants are obligated to pay and indemnify MIC for the Claim and MIC's losses incurred;

(b)    On the Second Cause of Action, MIC requests that this Court enter a declaratory judgment in favor of MIC against Defendants, including a declaration that the Policy Defendants sold covers the Claim and Defendants are obligated to pay and indemnify MIC for the Claim and MIC's losses incurred;

(c)    On the Third Cause of Action, MIC requests that the Court enter judgment against the Defendants, awarding MIC damages in an amount to be determined at trial, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law;

(d)    On the Fourth Cause of Action, MIC requests that this Court enter judgment against Defendants, directing that the Defendants specifically perform their obligations under the Policy including, but not limited to, paying promptly when due the benefits required of MIC by the New Hampshire Workers Compensation Law as a result of the Accident;

(e)    On the Fifth Cause of Action, MIC requests that this Court enter judgment against Defendants, awarding MIC compensatory, consequential, and punitive damages, including attorneys' fees, in an amount to be determined at trial;

(f)    MIC requests that this Court enter judgment on all counts awarding MIC fees, costs and expenses incurred in connection with the Claim, including court costs and attorneys' fees pursuant to NH RSA § 491:22 and otherwise; and

(g)      MIC requests such other and further relief as the Court deems just and proper.

## JURY DEMAND

MIC demands a trial by jury on all issues so triable.

MATOSANTOS INTERNATIONAL
CORPORATION

By Its Attorneys,

RATH, YOUNG AND PIGNATELLI, P.C.
One Capital Plaza
Concord, New Hampshire 03302-1500
(603) 226-2600
(603) 226-2700 (fax)


Date:   April 16, 2021                    */s/ Michael K. O'Neil*
                                          R. Terry Parker (NH Bar No. 268605)
                                          Michael K. O'Neil (NH Bar No. 21198)
                                          rtp@rathlaw.com
                                          mko@rathlaw.com