UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matosantos Int'l Corp.

     v.

Hartford Casualty Ins. Co. &
Twin City Fire Ins. Co.

Civil No. 1:21-cv-317-LM
Opinion No. 2021 DNH 182 P

**O R D E R**

Defendants Hartford Casualty Insurance Company and Twin City Fire
Insurance Company jointly move to dismiss the first two counts of plaintiff's
complaint on the ground that they are time barred.  For the following reasons,
defendants' motion to dismiss (doc. no. 8) is denied.

**BACKGROUND**

Plaintiff is a corporation that provides retail auditing and merchandizing
services.  In 2018, plaintiff began providing auditing and merchandizing services at
certain Walmart stores in New Hampshire.  In or around early May 2018, plaintiff
directed one of its employees, Javier Vasquez, to audit some of these stores.  From
May 24 through May 31, 2018, Vasquez visited and provided auditing services at
ten New Hampshire Walmarts.  On May 31, 2018—while travelling between
Walmart stores and performing his duties as an employee—Vasquez was severely
injured in a head-on car crash.

At the time of the accident, plaintiff maintained an insurance policy (the "Policy") with defendants. The Policy provides for, among other things, workers' compensation insurance coverage for all of plaintiff's workplaces and jurisdictions which are covered under the policy. Defendants have denied—and continue to deny—coverage for the accident because they assert that the Policy does not cover New Hampshire.

On June 6, 2018, Dartmouth Hitchcock Hospital—where Vasquez was treated for his injuries—contacted Defendants to initiate a claim for workers' compensation benefits for Vasquez. Defendants denied coverage. Next, on March 25, 2019, Vasquez filed a Notice of Accidental Injury or Occupational Disease with the New Hampshire Department of Labor ("DOL") seeking workers' compensation benefits from both plaintiff and defendants. On January 3, 2020, a DOL Hearing Officer issued a decision. The Hearing Officer determined that plaintiff, as the employer, was responsible for Vasquez's workers' compensation benefits. Further, the Hearing Officer concluded that the DOL did not have jurisdiction to determine whether the Policy did in fact provide coverage in New Hampshire.

Plaintiff now alleges that defendants are obligated to reimburse plaintiff for the workers' compensation benefits it has been required to pay Vasquez, which it alleges total over $100,000 to date. Plaintiff filed this action on April 16, 2021, asserting claims for declaratory judgment under state and federal law, breach of contract, specific performance, and breach of the implied covenant of good faith and fair dealing. See doc. no. 1.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the

complaint as true, construe reasonable inferences in the plaintiff's favor, and

"determine whether the factual allegations in the plaintiff's complaint set forth a

plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank,

N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted).  A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).


**DISCUSSION**

I.      Count One: Declaratory Judgment Pursuant to RSA 491:22

The first count of plaintiff's complaint is for declaratory judgment under RSA

491:22.  Notably, under this law the burden of proof concerning coverage is on the

insurer instead of the claimant, and plaintiffs who prevail are entitled to attorney

fees.  RSA 491:22-a; 491:22-b.

Defendants move to dismiss on the ground that plaintiff's claim is barred by

the six-month statute of limitations in RSA 491:22, III.  The statute provides:

> No petition shall be maintained under this section to determine
> coverage of an insurance policy unless it is filed within 6 months after
> the filing of the writ, complaint, or other pleading initiating the action
> which gives rise to the question; provided, however, that the foregoing
> prohibition shall not apply where the facts giving rise to such coverage
> dispute are not known to, or reasonably discoverable by, the insurer
> until after expiration of such 6-month period; and provided, further,
> that the superior court may permit the filing of such a petition after

such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect. A petition for declaratory judgment to determine coverage of an insurance policy may be instituted as long as the court has personal jurisdiction over the parties to the matter, even though the action giving rise to the coverage question is brought in a federal court or another state court.

RSA 491:22, III.  Thus, the six-month statute of limitations is triggered by the filing of a "writ, complaint, or other pleading initiating the action which gives rise to the question." Id.

This court has previously examined the plain language of the statute and found that "writ, complaint, or other pleading initiating the action" "clearly refers to documents that initiate judicial proceedings" and not those that "stop short of doing so." EnergyNorth Nat. Gas, Inc. v. Associated Elec. & Gas Ins. Servs., 21 F. Supp. 2d 89, 94-5 (D.N.H. 1998).  In EnergyNorth, this court cited Black's Law Dictionary's definition of "writ" as a "written judicial order to perform a specified act . . . as in an 'original writ' for instituting an action at common law." Id.  Similarly, a "complaint" is an "original or initial pleading by which an action is commenced under the codes or Rules of Civil Procedure." Id.  Given the definitions of "writ" and "complaint," the court construed "other pleading initiating the action" as "similarly referring to documents that actually initiate judicial proceedings." Id.

This court noted in EnergyNorth that the legislative history of RSA 491:22 ,III, further supported this conclusion. Id.  Specifically, in 1967, the New Hampshire legislature amended RSA 491:22 to add the six-month statute of limitations. Id.  "[T]he amendment was designed to curtail the practice, apparently wide-spread at the time, of litigants waiting until the eve of trial in an underlying

lawsuit to file a declaratory judgment action to determine the availability of insurance coverage." Id. at 92 (citation and internal quotations omitted). "Such a practice resulted in last-minute requests for continuances of the trial of the underlying suit until the coverage issues were resolved, clogging court dockets." Id. at 93 (citation and internal quotations omitted). In short, the court reasoned that because the legislative history showed the intent of the statute was to unclog court dockets, it is consistent with that history to interpret "writ, complaint, or other pleading initiating the action" as referring to documents that initiate judicial proceedings. Id. at 95.

Here, plaintiff's declaratory judgment claims were filed simultaneously with the claims for breach of contract, specific performance, and breach of implied covenant of good faith and fair dealing. See doc. no. 1. Defendants argue, however, that the court should find that the six-month statute of limitations was triggered instead by the administrative proceedings in the DOL. Specifically, defendants argue that Vazquez's Notice of Accidental Injury or Occupational Disease filed on March 25, 2019, in the DOL constitutes a "writ, complaint, or other pleading initiating the action." Defendants further argue that the DOL Hearing Officer's January 3, 2020, decision made the dispute over insurance coverage "absolutely explicit." Doc. no. 8 at 6. Thus, defendants argue that the plaintiff knew of the coverage dispute as early as June 2018 when defendants denied that the Policy provided coverage, and no later than January 3, 2020.

Defendants' argument misses the mark. The statute of limitations begins to run not when the plaintiff has notice of the coverage dispute, but rather when the

5

"writ, complaint, or other pleading initiating the action" is filed.  RSA 491:22.  As

stated in EnergyNorth, the phrase "writ, complaint, or other pleading initiating the

action" refers to documents that "initiate judicial proceedings."  21 F. Supp. 2d at 94

(emphasis added).  Administrative proceedings—such as those in the DOL here—

are not "judicial" and thus do not qualify.

Defendants rely on Binda v. Royal Ins. Co., 144 N.H. 613 (2000), for the

proposition that "the limitation period . . . require[s] a party seeking coverage to file

a declaratory judgment action within six months of any notice of a coverage

dispute."  Doc. no. 8 at 6.  Binda states no such thing, and in fact specifically

acknowledges that "the six-month period runs from the date the underlying writ is

filed."  144 N.H. at 615.  There, the parties did not dispute that the underlying writ

had been filed, and thus the argument focused on a different part of RSA 491:22,

III—specifically, the language after the first semicolon stating "provided, however,

that the foregoing prohibition shall not apply where the facts giving rise to such

coverage dispute are not known to, or reasonably discoverable by, the insurer until

after expiration of such 6-month period . . . ." (the "late discovery exception").  RSA

491:22, III.  In the case at bar, in contrast, the late discovery exception is not

relevant because the plaintiff has plausibly alleged that the six-month statute of

limitations itself was never triggered.

Thus, the court is not persuaded by defendants' argument.  Plaintiff has

plausibly alleged that its claim is not time barred, and thus the court denies

defendants' motion to dismiss this count.

II.     Count Two: Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201-2202

Defendants allege that plaintiff's second cause of action for declaratory

judgment pursuant to 28 U.S.C. §§ 2201-2202 is also time barred.  Defendants'

argument, however, is based entirely on its reasoning that the state declaratory

judgment statute of limitations should similarly apply to the federal claim, because

the federal declaratory judgment statute does not contain a statute of limitations.

See Hansen v. Sentry Ins. Co., 756 F.3d 53, 64 n.3 (1st Cir. 2014).  Because the

court rejects defendants' claim that plaintiff's RSA 491:22 claim is time barred, it

similarly rejects the argument with respect to the federal claim.  Plaintiff has

plausibly alleged that its claim under 28 U.S.C. §§ 2201-2202 is not time barred,

and thus the court also denies defendants' motion to dismiss this count.


                            **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (doc. no. 8) is denied.

SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States District Judge

November 29, 2021

cc: Counsel of Record

7